# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| |
|---|
| **STEVEN FISHMAN,** *et al.*, |
| Plaintiffs, |
| v. |
| **ROD ROSENSTEIN,** *et al.*, |
| Defendants. |

Case No. 18-cv-1369 (CRC)

## MEMORANDUM OPINION

Federal inmates Steven Fishman and David Carroll Stephenson challenge the constitutionality of the "Non-Existent Office of Independent Counsel/Special Counsel." Amended Compl. at 29. They seek a court order that would compel Deputy Attorney General Rod Rosenstein to "abate and vacate all actions" taken by Special Counsel Robert Mueller. Id. The problem for Plaintiffs is that they lack standing to levy such a charge and seek such relief. The Court therefore must dismiss the case.

Although Defendants have yet to respond to the Amended Complaint, the Court has an independent obligation to ensure that it has subject-matter jurisdiction over the cases before it. Plaintiffs' lack of standing is abundantly clear from the face of the complaint. The Court therefore need not entertain briefing on the matter and will, in the interest of judicial economy, dismiss the case *sua sponte*.

Standing is a prerequisite to federal jurisdiction under Article III. Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016). Standing doctrine "developed in our case law to ensure that federal courts do not exceed their authority." Id. It "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." Id. The Supreme Court has established that the "irreducible constitutional minimum" for standing consists of three

elements: "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Id. (citation omitted). The plaintiff bears the burden of establishing each of these elements. Id.

Plaintiffs attempt to carry that burden by identifying as members of the "Sovereign Body Politic," who are all "equally" harmed "by the Defendants' failure to perform a Mandatory Duty owed to the Sovereign Body Politic[.]" Amended Compl. at 5. Plaintiffs' theory runs into various obstacles, but none looms larger than injury in fact.

"To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" Spokeo, 136 S. Ct. at 1548 (quoting Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992) (internal quotation marks omitted)). A "particularized" injury is one that "affect[s] the plaintiff in a personal and individual way." Lujan, 504 U.S. at 560 n.1. An "undifferentiated" injury—one that is "common to all members of the public"—will not suffice. United States v. Richardson, 418 U.S. 166, 177 (1974).

For Plaintiffs here, therein lies the rub. They claim that whatever injury is caused by Defendants' unconstitutional conduct, it "is *equally* being suffered by *all* members of the Sovereign Body Politic, including but not limited to the Plaintiffs[.]" Amended Compl. at 5 (emphases added). That is the epitome of an "undifferentiated" injury "common to all members of the public." Richardson, 418 U.S. at 177 (quotation omitted). Nowhere do Plaintiffs argue that they are suffering some injury separate and apart from, or above and beyond, what all other members of the "Sovereign Body Politic" are enduring. See Lujan, 504 U.S. at 560 n.1.

Lacking an injury in fact that affects them "in a personal and individual way," they cannot establish the first element of standing.

Like the Supreme Court in Richardson, the Court finds Ex parte Levitt, 302 U.S. 633 (1937), particularly instructive. 418 U.S. at 177. Albert Levitt challenged Justice Hugo Black's appointment to the Supreme Court as violating Article I, Section 6, Clause 2 of the Constitution, which prohibits a senator from being appointed to another government post if that post's "Emoluments" were increased during the senator's time in office. Ex parte Levitt, 302 U.S. at 633. Black had indeed served as a senator when Congress voted to increase the pensions for justices retiring over age 70. Nevertheless, because Levitt's interest in the case was no more "than that of a citizen and a member of the bar of [the Supreme Court]," he had "merely a general interest common to all members of the public," and therefore lacked standing. Id. As there, so too here: Plaintiffs want to challenge the constitutionality of Robert Mueller's appointment as special counsel, but admit that their interest in doing so is no greater than any member of the "Sovereign Body Politic." Amended Compl. at 5. With Plaintiffs unable to establish standing under Article III of the Constitution, the Court lacks jurisdiction over their suit.

The Court will, accordingly, dismiss the case for lack of subject-matter jurisdiction. The Court will also deny as moot Plaintiffs' various other motions. A separate Order shall accompany this memorandum opinion.

_____
CHRISTOPHER R. COOPER
United States District Judge

Date:  December 10, 2018